UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TIMOTHY P. POWELL,

                Plaintiff,

v.                                               Case No. 22-cv-238-pp

SANDRA SITZMAN, *et al.*,

                Defendants.
_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 47)**
_____

On April 29, 2022, Magistrate Judge Nancy Joseph, to whom this case previously was assigned, screened the plaintiff's complaint and allowed him to proceed on claims related to the medical treatment of his deformed foot against officials from Winnebago Correctional Institution. Dkt. No. 14. On November 3, 2022, this court entered an amended scheduling order setting deadlines for the parties to complete discovery and file dispositive motions. Dkt. No. 45.

On January 25, 2023, the court received the plaintiff's motion to amend his complaint. Dkt. No. 47. The plaintiff seeks to amend small details in his complaint. He first says the complaint incorrectly lists Waupun Correctional Institution as the prison where he was incarcerated from August 2015 through December 2017; he says he was at John Burke Correctional Center in Waupun, Wisconsin, during that time. Id. at 1. He also says the complaint omitted the fact that he was required to wear both a "Crows" boot and a "nite"

boot on his deformed foot. Id. The complaint mentioned only the "Crows" boot. Id.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The U.S. Marshals Service effected service many months ago, so the court did not receive the plaintiff's motion to amend within that timeframe. He may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court must "freely give leave when justice so requires." Id. But district courts retain discretion whether to allow amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). The court's Civil Local Rules additionally require that a party moving to amend "reproduce the entire pleading as amended," attach the proposed amended pleading to the motion and "state specifically what changes are sought by the proposed amendments." Civil L.R. 15(a)–(b).

The plaintiff's motion to amend does not comply with the local rules. He did not reproduce, with his motion to amend, an amended pleading that includes the proposed changes. Despite that fact, the court will grant the plaintiff's motion in part because the changes he seeks are minor. The court will deny his request to amend the reference to his incarceration at Waupun

2

Case 2:22-cv-00238-PP    Filed 05/25/23    Page 2 of 4    Document 64

because Judge Joseph did not allow the plaintiff to proceed "on claims that took place prior to his incarceration at Winnebago," which includes the claims related to his time at Waupun. Dkt. No. 14 at 7. It is irrelevant where the plaintiff was incarcerated from 2015 through 2017 because he is not proceeding on claims related to that period.[1]

The court will grant the plaintiff's request to amend his complaint to add that he was prescribed a "nite" boot as well as the "Crows" boot discussed in the complaint and in the screening order. Allowing the plaintiff to add that fact will not prejudice the defendants, who likely know about this information or have learned about it in discovery, and it may be relevant to determining whether Winnebago prison officials were deliberately indifferent to the plaintiff's medical needs.

The plaintiff also asks whether the court has an e-mail address where he can have a family member send video and photos that he says relate to this case. Dkt. No. 47. He says he sent copies to the Attorney General but has not received confirmation of their receipt. The court will not permit the plaintiff to email these documents to the court. The plaintiff is incarcerated at Oshkosh Correctional Institution, which is an e-filing institution. That means that if the plaintiff wants to file something with the *court*, he "must submit all

---

[1] The Wisconsin Department of Corrections website also contradicts the plaintiff's motion and shows he was incarcerated at Dodge Correctional Institution from November 4, 2015 through January 29, 2016. He then was transferred to John C. Burke Correctional Center, where he remained until December 20, 2017, when he was released to extended supervision. See https://appsdoc.wi.gov/lop/home/home, DOC# 229802.

correspondence and case filings to institution staff, who will scan and e-mail documents to the court." Dkt. No. 14 at 13 & n.1. If he wants to respond to the defendants' discovery requests, or serve his own discovery requests, he must send those **to the opposing party**, by sending them to counsel for the defendants. Dkt. No. 45 at ¶1. If the video and photos are responses to discovery demands, the plaintiff must send them to the defense attorney. It is not clear why, at this point, the plaintiff would need to send photos or videos to the court.

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to amend his complaint. Dkt. No. 47. The court **DENIES** the plaintiff's motion to the extent that he seeks to amend the complaint regarding his place of incarceration from August 2015 through December 2017. The court **GRANTS** the plaintiff's motion to the extent that he seeks to add the fact that the defendants prescribed both a "Crows" boot and a "nite" boot. The record will reflect that additional fact.

Dated in Milwaukee, Wisconsin this 25th day of May, 2023.

             **BY THE COURT:**

             _____
             **HON. PAMELA PEPPER**
             **Chief United States District Judge**