UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY P. POWELL,

                  Plaintiff,

v.                                                      Case No. 22-cv-238-pp

SANDRA SITZMAN, *et al.*,

                  Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 113) AND PROVIDING ONE, *FINAL* EXTENSION OF TIME FOR THE PLAINTIFF TO FILE HIS RESPONSE MATERIALS**

On November 17, 2023, the defendants filed motions for summary judgment. Dkt. Nos. 82 (defendants Bonnett, Heidorn, Rivers and Sitzman), 90 (defendant Darmody), 94 (defendant Russell). On November 21, 2023, the court ordered the plaintiff to file his materials in response to the motions by December 18, 2023. Dkt. No. 103. On December 8, 2023, the court received from the plaintiff a request for "a 4 to 6 week extension" of time to respond to the motions. Dkt. No. 105. The court granted that motion and extended the plaintiff's deadline to file his response to February 2, 2024. Dkt. No. 106. That deadline passed, and the plaintiff did not file his response materials or ask for additional time to do so.

On February 12, 2024, the court received a letter from the plaintiff requesting an additional "brief time extension" to respond to the defendants' motions for summary judgment. Dkt. No. 109 at 1. He explained that he had attempted to mail the motion earlier, but that the post office had returned it to him. Id.; Dkt. No. 109-1. He also said that he was hospitalized for a rib injury, which further delayed the motion. Dkt. No. 109 at 1. The court granted the

1

extension and ordered the plaintiff to file his responses by "the end of the day on March 20, 2024." Dkt. No. 112. The court stated that, because "the plaintiff now has had nearly four months to prepare his responses, the court will not further extend this deadline unless the plaintiff shows extraordinary cause for another extension." Id.

The March 20, 2024 deadline has passed, and the plaintiff still has not filed his materials in response to the defendants' motions for summary judgment. But on March 25, 2024, the court received the instant motion to appoint counsel. Dkt. No. 113. The motion is dated March 18, 2024. Id. at 2. This is the plaintiff's fourth motion asking the court to recruit him an attorney. See Dkt. Nos. 5, 25, 26.

The plaintiff explains that he "ha[s] come up on a deadline for [his] response to the defendants Summary Judgement [*sic*]." Dkt. No. 113 at 1. He says that he is "struggling to complete this phase of [his] suit" because he has been dealing with health issues and difficulty finding a place to live. Id.[1] He was able to schedule appointments to treat his injured foot "and other issues" and "found a residence caring for a friend with even worse health issues." Id. But he says the medical provider "dropped [his] case due to insurance reasons," and his new provider schedules appointments "months apart." Id. at 2. He says his foot is "causing a lot of pain and difficulty walking," but that he has a law firm that is representing him in his "disability claim." Id. He says this

---

[1] When the plaintiff filed the complaint in February 2022, he was incarcerated at the Winnebago Correctional Center. Dkt. No. 1 at 2. Subsequently he was transferred to Oak Hill Correctional Institution. Dkt. Nos. 16, 21. Next, he was transferred to Oshkosh Correctional Institution. Dkt. No. 46. In September of 2023, the plaintiff notified the court that due to an "emergency release," he no longer was incarcerated; he provided a residential address in Oshkosh, Wisconsin. Dkt. No. 74.

pain has made it "hard to concentrate on [his] response," and that he is having trouble "putting it all together." Id. He says that if he "could just have some assistance from a para-legal attorney," like the incarcerated persons who assisted him while he was in prison, he would be able to "sort this out." The plaintiff says that as of the date of his motion, he was "about [half] way through [his] answer." Id.

Magistrate Judge Nancy Joesph, who previously presided over the case, twice has explained the standards the court uses to determine whether "to recruit a lawyer for individuals who cannot afford to hire one." Dkt. No. 14 at 9–10; Dkt. No. 32 at 1–2. Judge Joseph explained that the court must consider two things when deciding whether to exercise it discretion and recruit counsel: "'(1) "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so," and (2) "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"'" Dkt. No. 14 at 9 (quoting Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021); Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). Judge Joseph recounted that this decision "'whether to recruit counsel "is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases."'" Id. (quoting Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014); Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In denying the plaintiff's first motion, Judge Joseph determined that his case had become more manageable after she had screened his complaint and "narrowed [the plaintiff's] claims." Id. at 10–11. She observed that the institution where he was incarcerated had a litigation coordinator who would ensure that he had "access to whatever materials he requires to prove his

case." Id. at 11. Judge Joseph determined that the plaintiff's complaint "demonstrates that he is capable of telling the court his story." Id. She found that the plaintiff also was "capable of responding to defendants' questions about his foot and his medical care and submitting questions of his own to the defendants" during discovery. Id. Judge Joseph explained that if the defendants filed a dispositive motion (a motion for summary judgment), the plaintiff would not "need to be well-versed in Eighth Amendment law to respond to the motion, nor [would] he need to contact experts to respond to a summary judgment motion. Summary judgment rises or falls on whether or not there is a genuine dispute of material fact." Id. Because she found that the plaintiff "clearly knows the facts concerning his case," Judge Joseph determined that he should have no issue responding to a motion for summary judgment and telling the court "which facts asserted by the defendants are in dispute and the basis for [the plaintiff's] contention that those facts are in dispute." Id. at 12. Judge Joseph explained that if the plaintiff's circumstances changed or he "encounters obstacles that he does not believe he can handle on his own," he could renew his motion. Id.

In her order denying the plaintiff's renewed motions for counsel, Judge Joseph recounted that she had "described what [the plaintiff] needs to do to respond to discovery and dispositive motions." Dkt. No. 32 at 2. She also observed that the plaintiff "ha[d] not presented any changed circumstances indicating that he is now unable to litigate his case." Id. For those reasons, Judge Joseph denied the plaintiff's renewed motions to appoint counsel. Id.

The plaintiff's latest motion does not satisfy either of the Pruitt factors discussed above and does not justify recruiting counsel for him. First, the plaintiff says nothing about the efforts he has made to obtain counsel on his

4

own. He does not say whether he contacted any attorneys or firms asking them to help him in this lawsuit. He reports that he has a firm representing him on his disability claim, which suggests that he knows how to reach out to attorneys for assistance. He has not shown that he attempted to do so for this lawsuit, even though he no longer is incarcerated and even though he likely has more time and resources than he may have had while incarcerated.

The plaintiff also has not satisfied the second inquiry. The court sympathizes with the plaintiff's difficulties adjusting to life outside of prison. He says that he struggled to find a home at first but reports that he now is living with a friend. The plaintiff explains that he has health issues that make concentrating on his lawsuit difficult, including the rib injury he described in his last motion for an extension of his summary judgment deadline. These difficult events would make it challenging to do many daily activities, much less litigate a federal lawsuit. But as Judge Joseph explained, there simply are not enough attorneys able and willing to volunteer to take these cases. The plaintiff has not explained why he is one of those self-represented litigants most in need of counsel to adequately litigate his case.

The plaintiff has been out of custody since at least September 25, 2023—about two months before the defendants filed their motions for summary judgment. That means he has had access to additional resources unavailable to him when he was incarcerated. He could perform online legal research through the Oshkosh Public Library or the Polk Library at the University of Wisconsin-Oshkosh. The plaintiff could have sought limited assistance from the Eastern District of Wisconsin Bar Association Federal Legal Assistance Program. https://edwba.org/form.php?form_id=15. The plaintiff does not say

whether he attempted to take advantage of any of these resources in the last six and a half months.

A review of the defendants' motions shows that their arguments are not complex. Defendant Sitzman says she had little interaction with the plaintiff and provided appropriate care. Dkt. No. 83 at 21-22. She describes the care the plaintiff received while at Winnebago. Id. at 22-23. Defendant Bonnett says that her interactions with the plaintiff also were limited, and that she provided assistance. Id. at 23-24. Defendant Heidorn argues that he provided care for the plaintiff and that what he did was not such a substantial departure from accepted practice that it constituted deliberate indifference. Id. at 24-25. Defendant Rivers asserts that he was not involved in the plaintiff's care. Id. at 25. And these defendants argue that all of them are entitled to qualified immunity. Id. at 26-27. Defendant Darmody argues that she familiarized herself with the plaintiff's medical history, took appropriate steps to get treatment by other providers when warranted and exercised her professional judgment in providing care. Dkt. No. 91. Finally, defendant Russell argues that he wasn't a state actor—he did not nave a contract with the state, his practice did not focus on incarcerated persons and he did not regularly treat incarcerated persons; he asserts that he never worked in a correctional setting. Dkt. No. 96 at 13. He also argues that he was not deliberately indifferent to the plaintiff's medical needs, describing the care he provided. Id. at 17-21. And he argues that the plaintiff cannot prove that anything defendant Russell did caused the plaintiff injury. Id. at 21-22.

Given Judge Joseph's findings about the plaintiff's ability to litigate his case on his own, the additional resources available to the plaintiff as a non-incarcerated person and the straightforward nature of the defendants'

6
Case 2:22-cv-00238-PP   Filed 04/15/24   Page 6 of 8   Document 114

arguments, the court concludes that the plaintiff has not demonstrated that he is incapable of adequately litigating this case without the assistance of counsel. The court will deny his motion to appoint counsel.

The plaintiff now has had over four months to prepare his response to the defendants' motions, and he has not filed any documents responding to any part of any of those motions. The court received his last motion for an extension of time ten days late, which the plaintiff blamed on the post office and his rib injury. The court received the instant motion to appoint counsel five days past the plaintiff's March 20, 2024 deadline to respond to the defendants' motions for summary judgment. The plaintiff has not explained the delay in filing the motion. Again, the court understands the plaintiff's current difficulties. But as the plaintiff, it is his obligation to litigate this lawsuit diligently, which includes meeting all deadlines the court sets. The plaintiff has consistently failed to do so.

Although it said in its last order it would not do so, the court will give the plaintiff one, *final* extension of time to file his response materials to the motions for summary judgment. If the court does not receive the plaintiff's materials by the deadline the court sets below, the court will treat the defendants' motions as unopposed (which means it is likely that the court will grant them).

The court **DENIES** the plaintiff's motion to appoint counsel. Dkt. No. 113.

The court **ORDERS** that the plaintiff must file his opposition materials to the defendants' motions for summary judgment in time for the court to *receive* them by the end of the day on **June 14, 2024**. If the court does not receive the

plaintiff's opposition materials by day's end on June 14, 2024, the court will treat the defendants' motions as unopposed and will rule on them.

Dated in Milwaukee, Wisconsin this 15th day of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**